S. H. KRESS & Co. *v.* SHARP.

(Division B. Dec. 15, 1930.)

[131 So. 412. No. 29021.]

Amis, Dunn & Snow, of Meridian, for appellant.

Reily & Parker, of Meridian, for appellee.

Argued orally by **Ed. Snow,** for appellant, and by **Marion W. Reily,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

There have been two trials of this case. On the first trial there was a verdict and judgment for appellee in the sum of twenty-five thousand dollars. From that judgment appellant prosecuted an appeal to this court. On the third of March of the present year, the judgment was reversed, and the cause remanded to be tried on the issue of damages alone. S. H. Kress & Co. v. Sharp, 156 Miss. 693, 126 So. 650. The ground of reversal was that, in view of the indefiniteness and uncertainty of the evidence, then before the court as to the nature and extent of appellee's injuries, the verdict was excessive. On the second trial there was a verdict and judgment in the sum of forty thousand dollars, and from that judgment appellant prosecutes this appeal.

On the last trial the evidence on the issue of liability was in all substantial respects the same as it was on the first trial; but, on the question as to the nature and extent of appellee's injuries, the evidence was very much more definite and satisfactory. Appellee made out a much stronger case in that respect than she did on the first trial.

The only errors assigned and argued that we deem of sufficient merit to require a discussion by the court are that the court erred in refusing to instruct the jury peremptorily, at appellant's request, that appellee was guilty of contributory negligence, and that her damages should be reduced accordingly; and that the verdict is so excessive in amount as to evince passion and prejudice on the part of the jury, and, therefore, the court erred in overruling appellant's motion for a new trial based on that ground.

At appellant's request, the court did submit to the jury, by proper instruction, the question of whether appellee was guilty of contributory negligence. The giving of this instruction necessitated the retrial of the question of negligence, and that is the reason that the last trial was not devoted alone to the issue of the extent and nature

of appellee's injuries. The evidence in the case on the question of negligence is very fully set out in the opinion on the former appeal. As above stated, it was substantially the same in all respects on the last trial. We refrain, therefore, from setting out again the evidence on that issue.

We are of the opinion that the court committed no error in refusing to charge the jury peremptorily that appellee was guilty of contributory negligence by reason of which her damages should be proportionately reduced by the jury. There was evidence tending to show that appellee was guilty of negligence proximately contributing to her injury. But this evidence was not without dispute. The jury could very well have found either way.

We approach the other question with great doubt and hesitation. Whether in a given case the verdict of a jury is the result of passion or prejudice is a very delicate one for the supreme court, the members of that court not having seen and heard the witnesses testify and not having observed their demeanor on the witness stand. However, it is a question that the court must pass on. We know of no better rule than that, where the verdict of the jury is so large it is shocking to the enlightened conscience, it ought to be set aside. We have in this case the verdict of two juries, the first for twenty-five thousand dollars, and the second and last for forty thousand dollars. In considering this question we think that fact should have great weight with the court. Taking into consideration the two verdicts, and the further evidence on the last trial which made the nature and extent of appellee's injuries very much more definite and satisfactory than on the first trial, we cannot say that the verdict for twenty-five thousand dollars is too much, but we do hold that the last verdict of forty thousand dollars is so large that a person of good judgment and the right moral sense would turn away from it as being wrong. We reach the conclusion, therefore, that the

verdict of forty thousand dollars in this case is so excessive as to evince passion or prejudice on the part of the jury, and, unless appellee will remit the judgment down to twenty-five thousand dollars within ten days from the rendering of this opinion, the judgment will be reversed for a new trial on the issue of damages; on the other hand, if such a remittitur is entered, the judgment will be affirmed for the sum of twenty-five thousand dollars.

Affirmed, with remittitur.